IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. LKG 21-284 |
| | * | |
| CONRAD D'HAITI, | * | |
| PHILIP JAMES DUPREE, | * | |
| MARK ROSS JOHNSON, JR., | * | |
| MICHAEL ANTHONY OWEN, JR., | * | |
| DAVION ENRICO PERCY, | * | |
| JARON EARL TAYLOR, and | * | |
| CANDACE TYLER, | * | |
| | * | |
| **Defendants** | * | |
| | * | |

*******

## CONSENT STATUS REPORT AND REQUEST FOR SCHEDULING

The United States of America, by its undersigned counsel, and with consent of counsel for Defendants, submits this status report and requests that this Court hold a telephone conference to schedule new trial and other preliminary dates in this case, which was recently reassigned from U.S. District Judge Paula Xinis.

### I.  BACKGROUND

This case was initially indicted on August 4, 2021, and was the result of a spin-off investigation from one focusing exclusively on defendant Michael Owen, who was arrested on unrelated state charges in January 2020. At around the same time police were investigating that case, a GEICO insurance investigator reported that Owen and Anne Arundel Police Department Officer Jaron Taylor were subjects in the staged theft and subsequent insurance claim on an Infiniti sedan owned by Taylor's cousin. Prince George's County Police Department (PGPD) Internal Affairs investigators had seized Owen's cell phone on January 28, 2020, and during a warranted

search of that phone that sought evidence relating to his pending state charges, PGPD Internal Affairs located suspicious text messages that caused them to refer an insurance fraud case to the FBI for investigation.  *See* Affidavit of FBI S/A Jacqueline Bloomingdale, ECF No. 106-1.

After a year-long investigation that took FBI agents down multiple trails, six serving police officers were charged with various insurance and bank fraud schemes, the common thread being the use of falsified police reports to substantiate false loss claims by various officers and their family members.  ECF No. 1.  In a superseding indictment, Marlow Heights Special Police Department Officer Davion Percy, was added as a seventh defendant.  ECF No. 71.

Defendants Dupree, Johnson, Owen, Taylor, and Percy filed various motions to sever trials and suppress evidence.  On September 7, 2022, Judge Xinis held a consolidated motions hearing during which she primarily addressed the severance motions.  ECF No. 118.  Judge Xinis granted the severance motions and divided the trial into two groupings: one consisting of defendants Dupree, Johnson and Tyler, and the other consisting of Owen, Taylor, Percy, Tyler and D'Haiti.

Of the non-severance related motions, Dupree and Johnson's were withdrawn, but Defendant Owen's motion to suppress evidence from his cell phone, ECF No. 93, was held in abeyance.  *See* ECF No. 129.  Trial was subsequently set for the first group (Dupree/Johnson/Tyler) for February 6, 2023, and the second group (D'Haiti/Owen/Taylor/Percy/Tyler) for May 8, 2023.  ECF No. 136.  Defendant Candace Tyler pleaded guilty on January 17, 2023, and remains pending sentencing.  ECF No. 131.

On the eve of the February 6, 2023, trial, both defendant Dupree and his then-counsel, David Benowitz, fell ill.  The Court continued that trial until May 22, 2023.  ECF No. 143.  Shortly afterwards, defendant Conrad D'Haiti entered his guilty plea.  ECF No. 144.

2

On March 17, 2023, defendant Dupree's then-counsel Benowitz moved to withdraw from representation. Following an attorney inquiry, Dupree retained present counsel Joseph Wright the following month. For several reasons, not least of which being defendant Owen's concern over standing trial in the instant case prior to his state trial and allowing time for defendant Dupree's newly-retained counsel to come up to speed on the case, on April 28, 2023, the Court continued both trials in this matter with consent of the government and the five remaining defendants' counsel. ECF No. 170. Trial for group one was ultimately re-set for November 13, 2023, and the second group for January 8, 2024. ECF No. 170. The parties consented to the government's motion to exclude all time since indictment from calculations under the Speedy Trial Act through January 8, 2024, which motion was granted by order on May 11, 2023. ECF No. 173.

After this case was reassigned on October 18, 2023, the two scheduled trials were postponed. ECF No. 178.

II.     **CURRENT STATUS AND REQUESTED WAY-AHEAD**

Defendant Owen is set for a two-week trial in the Circuit Court for Prince George's County beginning November 27, 2023. The outcome of that trial may affect his decision to proceed to trial in the instant matter. All other remaining defendants presently intend to proceed to trial.

With regards to Speedy Trial concerns, the government does not anticipate problems so long as trials are rescheduled prior to the current exclusion order's expiration on January 8, 2024, and the Court grants a motion to exclude the remaining time until trial from calculations in the interests of justice. One potentially dispositive suppression motion remains pending at this point, but that motion is personal to defendant Owen since it relates only to the contents of his cell phone.

With regard to the trial of defendants Dupree and Johnson, which presently encompasses Counts One through Nine of the Third Superseding Indictment, the government anticipates

3

needing approximately five full days of evidence to put on its case-in-chief.  To prove Count One (Conspiracy to Commit Wire Fraud), Counts Two-Four (Substantive Wire Fraud), and Count Five (Arson Affecting Interstate Commerce) the government plans to put on evidence of three staged auto accidents involving Johnson and Dupree and their family members, one staged arson, and one staged auto theft.  To prove Counts Six (Bank Fraud Conspiracy) and Seven through Nine (Substantive Bank Fraud), the government will put on evidence relating to three closely-related bank fraud schemes wherein the participants falsely claimed to their banks that their ATM cards had been stolen and their accounts emptied.  Overall, the government anticipates calling numerous bank and insurance company representatives to enter more than two-dozen recorded interviews and documents submitted in furtherance of the schemes along with testimony from cooperators, police officers who were unwittingly caused by defendants to write false reports in furtherance of the schemes, a police records expert to testify to the fraud indicators in the various police reports substantiating the claims, and other investigators.  Additionally, the government will offer cell site data and phone data along with other evidence going to the defendants' intent and finances.  To allow for the possibility of up to two defense cases, the government recommends scheduling a two-week trial in this matter.

In the second trial, on Counts Ten and Eleven of the Third Superseding Indictment, the government will put on evidence of three staged auto thefts, including the January 2020 Infiniti theft during which the owner recanted his story, along with the theft and destruction of a Chevy Tahoe belonging to defendant Taylor and a Jaguar XJS belonging to defendant D'Haiti.  The government anticipates needing only three days of evidence to put on its case-in-chief in this trial, and will call three insurance company representatives, cooperators, other police officers and civilians involved in the events, text message and cell site data.  Even with cross-examination by

three defense attorneys, the government anticipates this case to require only one full week of trial unless substantial defense cases are presented.

    Please let us know what dates and times might be available for a phone conference to schedule the trials in this case.

Respectfully submitted,

Erek L. Barron
United States Attorney

/s/
Adam K. Ake
LaShanta R. Harris
Assistant United States Attorneys