IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. LKG 21-284 |
| | * | |
| MICHAEL ANTHONY OWEN, JR., | * | |
| DAVION ENRICO PERCY, and | * | |
| JARON EARL TAYLOR, | * | |
| | * | |
| Defendants | * | |
| | * | |
| | * | |

\*\*\*\*\*\*\*

GOVERNMENT'S CONSENT MOTION TO
EXCLUDE TIME UNDER SPEEDY TRIAL ACT

The United States of America, by its undersigned counsel, hereby moves that this Court make a finding pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(iv) that reasonable time necessary for effective preparation means that the ends of justice are served by continuing the trial date beyond the 70-day period normally required under 18 U.S.C. § 3161(c)(1) for the Defendants Michael Anthony Owen, Jr., Davion Enrico Percy, and Jaron Earl Taylor.  With the consent of Defendants, through counsel, the Government moves to exclude time between January 6, 2025 and the current trial date of June 4, 2025, the first of the two scheduled trials in this matter, from calculations under the Speedy Trial Act.

1.     On July 8, 2021, after a year-long investigation that took FBI agents down multiple trails, six serving Maryland police officers, including four of the five remaining defendants in this case, were charged with conspiring to commit bank, wire, and mail fraud in three loosely related schemes, all in violation of 18 U.S.C. § 1349.  ECF No. 1.  The defendants each were presented for initial appearances and placed on conditions of pretrial release, with the exception of defendant

Michael Owen, who was detained on separate charges then pending against him in Prince George's County.

2. On December 22, 2021, the grand jury returned a superseding indictment adding defendant Davion Percy, a Marlow Heights Special Police Department officer, to Count Two. ECF No. 71.

3. Defendants Dupree, Johnson, Owen and Percy filed various motions to sever trials and suppress evidence. On September 7, 2022, Judge Xinis held a consolidated motions hearing during which she primarily addressed the severance motions. ECF No. 118. Judge Xinis granted the severance motions and divided the trial into two groupings: one consisting of defendants Dupree, Johnson and Tyler, and the other consisting of Owen, Taylor, Percy, Tyler and D'Haiti. Of the non-severance related motions, Dupree and Johnson's were withdrawn, but Defendant Owen's motion to suppress evidence from his cell phone, ECF No. 93, was held in abeyance. *See* ECF No. 129.

4. Trial was subsequently set for the first group (Dupree/Johnson/Tyler) for February 6, 2023, and the second group (D'Haiti/Owen/Taylor/Percy/Tyler) for May 8, 2023. ECF No. 136.

5. Defendant Candace Tyler pleaded guilty on January 17, 2023, and remains pending sentencing. ECF No. 131.

6. On the eve of the February 6, 2023, trial, both defendant Dupree and his then-counsel, David Benowitz, fell ill. The Court continued that trial until May 22, 2023. ECF No. 143.

7. On February 10, 2023, defendant Conrad D'Haiti entered his guilty plea. ECF No. 144.

8. On March 17, 2023, defendant Dupree's then-counsel Benowitz moved to withdraw from representation. Following an attorney inquiry, Dupree retained present counsel Joseph Wright

2

the following month. For several reasons, not least of which being defendant Owen's concern over standing trial in the instant case prior to his state trial on homicide charges and allowing time for defendant Dupree's newly-retained counsel to come up to speed on the case, on April 28, 2023, the Court continued both trials in this matter with consent of the government and the five remaining defendants' counsel. ECF No. 170.

9. Trial for group one was ultimately re-set for November 13, 2023, and the second group for January 8, 2024. ECF No. 170. The parties consented to the government's motion to exclude all time since indictment from calculations under the Speedy Trial Act through January 8, 2024, which motion was granted by order on May 11, 2023. ECF No. 173.

10. After this case was reassigned on October 18, 2023, the two scheduled trials were postponed due to calendar conflicts. ECF No. 178.

11. On January 3, 2024, this Court held a joint status conference with all remaining parties save for counsel for defendant Mark Johnson, who consented to it proceeding without him. During that call, and with consent of the parties, the Court re-set trial for defendants Owen, Taylor, and Percy for June 3, 2024, with trial for defendants Dupree and Johnson scheduled for January 6, 2025. ECF No. 192 & 193.

12. On March 1, 2024, this court granted the Government's motion to exclude the period from January 3, 2024, to January 6, 2025 from calculation under the Speedy Trial Act. ECF No. 196.

13. On September 10, 2024, this Court issued an Amended Pre-Trial Scheduling Order as to Defendants Michael Anthony Owen, Jr., Davion Enrico Percy and Jaron Earl Taylor scheduling the trial of Defendants Owen, Taylor, and Percy for June 2, 2025. ECF No. 227.

14. Accordingly, the Government respectfully moves, with the consent of counsel for all of the Defendants, to exclude the time from January 6, 2025, through June 3, 2025, the scheduled date for the first jury trial day of the first trial in this matter, from calculations under the Speedy Trial Act.

15. Additional time will afford the parties to continue in trial preparations and pursue additional pre-trial resolution. 18 U.S.C. §3161(h)(7)(B)(iv) allows for a continuance in a case that is so complex that denial would unreasonably preclude the Government from the reasonable time necessary to the opportunity to review the record and facts and assist with trial preparation. New Government counsel has entered his appearance within the last three months. Due to the complexity of this case involving five defendants and multiple fraud schemes, additional time is needed to allow for the new Government counsel to review, prepare and prosecute this case.

16. No defendant is currently detained in this matter.

17. For the foregoing reasons, the Government requests that the Court find that the interests of justice require this reasonable period of time from January 6, 2025, through the current trial date of June 3, 2025 to be excluded from the Speedy Trial clock pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B). For the convenience of the Court a proposed order is attached.

Respectfully submitted,

Erek L. Barron
United States Attorney

/s/      LaShanta Harris
LaShanta Harris
Joseph Baldwin
Assistant United States Attorneys