

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Southern Division*

---

*Joseph Baldwin*
*Assistant United States Attorney*
*Joseph.Baldwin@usdoj.gov*

*Mailing Address:*
*6500 Cherrywood Lane, Suite 200*
*Greenbelt, MD 20770-1249*

*Office Location:*
*6406 Ivy Lane, 8th Floor*
*Greenbelt, MD 20770-1249*

*DIRECT: 301-344-4238*
*MAIN: 301-344-4433*
*FAX: 301-344-4516*

March 26, 2026

Honorable Lydia K. Griggsby
United States District Judge
6500 Cherrywood Lane
Greenbelt, MD 20770

Re: *United States v. Mark Ross Johnson, Jr.*,
   Criminal No. 21-284 LKG
   Government's Sentencing Memorandum

Dear Judge Griggsby:

I write to provide the Government's recommendations for sentencing with respect to Defendant Mark Johnson whose sentencing is scheduled for April 2, 2026 at 10:00 a.m.

**Presentencing Report**
The Government has reviewed the Presentencing Report and agrees with the Guideline Calculations.  The Government recommends the following corrections:
- Paragraph 25, delete "five" from "the first six cash five withdrawals."
- Paragraphs 41 and 48, delete "martially" and replace with "materially."
- Paragraph 45, revise the second to last sentence by inserting "—here, firefighters who responded to put out the blazing fire" after "any other person other than a participant in the offense."
- Paragraph 86, delete "Projection" and replace with "Protection."

**Facts Bearing on Sentencing**
In addition to the facts submitted for and incorporated into the Presentencing Memorandum, the Government anticipates calling a single witness at sentencing who will testify regarding the Defendant's attempt to pay a juror during trial.  These facts provide additional support for the assessment of the obstruction enhancement as described at paragraph 48 of the presentencing report.

**Sentencing Factors: 18 U.S.C. § 3553(a)**
The Court must impose a sentence sufficient but not greater than necessary to comply with the purposes of sentencing.  Even if the Defendant had not been a senior police officer with a duty to enforce the law, the barest facts of the case would be quite serious: multiple instances of fraud

and fraud conspiracy affecting at least four potential financial victims (Progressive Insurance, Navy Federal Credit Union, Pentagon Federal Credit Union, and BB&T Bank) and wasting the resources and exposing the personnel of the fire department to danger.

But Mark Johnson _was_ a senior police officer, and these offenses demonstrate not only a disrespect for the law but a perversion of authority and an open attack on the Defendant's duty to serve and protect the public. Police reports matter. The accuracy and validity of reports is depended upon in innumerable contexts to document what happened in the outside world. Police reports are absolutely necessary—as witnesses testified at trial—to even begin making a claim for certain losses. In many criminal, civil, and financial contexts, if it is not in a police report then it did not happen. And, if facts are in a police report, it is strong evidence and sometimes dispositive evidence that a claim can be made.

Here, the Defendant repeatedly directed and aided and abetted the submission of police reports he knew to be false and did so in concert with more junior police officers for whom he served as a corrupt example. He wanted money or—with respect to the "lemon" truck that was torched—to avoid monetary obligations. He placed greed above his duty.

But that was not the end of his twisting of a system he knew well. The Defendant also falsely implicated a former employee as the individual who stole and burned his truck—when asked who else had access to the truck, he provided information suggesting that his employee had access and more importantly, a grudge.  Furthermore, the Defendant created fake phone records and submitted them to the insurance company, and act of dishonesty in support of his criminal plan that would have alone voided his insurance policy if Progressive Insurance been aware. The Defendant pressured a subordinate to provide a bank card and PIN for even more fraud.

And this Court should not lose sight of the fact that Defendant's machinations continued at trial. In addition to taking the stand and perjuring himself (as set forth in the presentencing report at paragraph 41), the Defendant brought another witness who concocted a story that attempted to shift the blame for the submission of false papers on the Defendant's dead relative-through-marriage. Moreover, on cross examination, the witness admitted that he had not heard from the Defendant in over a year when, shortly before trial, the Defendant offered and paid the witness for "work."

The Defendant has not been deterred. The fact suggests that the Defendant has been emboldened by the judicial process to ever more egregious efforts to subvert the system. Rather, his course of action indicates that he is contemptuous of the entire process of fact-gathering, report writing, and judicial resolution.

Accordingly, the Government submits that the Court should sentence the Defendant to no less than 78 months—the top of the Guidelines range as calculated by the Probation Office. Furthermore, there is substantial basis for an upward variance in this matter to account for the Defendant's continual demonstration of lack of respect for the law. A high-end or upward variant sentence would be just in that it is proportionate to the continued efforts of the Defendant to subvert the system.

**Forfeiture and Restitution**

A Motion for a Money Judgment of Forfeiture will be submitted today. Restitution should be paid to Progressive Insurance in the amount of $68,010 and to Pentagon Federal Credit Union in the amount of $3,521. Progressive and/or Pentagon Federal may submit victim statements prior to sentencing that increase these amounts based on their internal costs of investigation or other costs. Should victim statements be submitted after the filing of this letter memorandum, the Government will send them to Chambers and defense counsel as soon as possible.

The Government will request that the Defendant be detained immediately upon completion of sentencing.

Very truly yours,

Kelly O. Hayes
United States Attorney

Digitally signed by JOSEPH
BALDWIN
Date: 2026.03.26 07:35:22
-04'00'

Joseph Baldwin
Assistant United States Attorney